**Mary JOHNSON; James Johnson,**
**Plaintiffs–Appellants,**

v.

**Ron WALL; Jess Carson; Bruce**
**Barnett, Defendants–**
**Appellees.**

No. 11–35528.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 24, 2013.

Filed June 5, 2013.

Allen Vacura, Stepovich & Vacura Law Office, Fairbanks, AK, for Plaintiffs–Appellants.

David Trevor Jones, Assistant Attorney General, Office of the Alaska Attorney General, Anchorage, AK, for Defendants–Appellees.

Before: TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Appellants Johnson brought suit against officer-defendants under 8 U.S.C. § 1983 for alleged judicial deception during the acquisition of a search warrant, which resulted in the search of their home. The district court granted summary judgment in favor of the officer-defendants on the basis of qualified immunity. We review the district court's decision de novo. *Chism v. Washington,* 661 F.3d 380, 386 (9th Cir.2011).

For the Johnsons' judicial deception claim to survive a motion for summary judgment on the grounds of qualified immunity, they "must 1) make a substantial showing of [the officers'] deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the[ir] dishonesty, the [challenged search] would not have occurred." *Chism,* 661 F.3d at 386 (quoting *Liston v. Cnty. of Riverside,* 120 F.3d 965, 973 (9th Cir.1997). Here, not only did they fail to make a substantial showing that the officers made deliberate falsehoods or displayed a reckless disregard for the truth, but there was also sufficient evidence remaining to establish probable cause even after excising the facts in dispute. *See Liston,* 120 F.3d at 972 (citing *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). The district court did not err when it granted defendants' motions for summary judgment.

Additionally, we lack jurisdiction to review the issue of attorney's fees. "In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district court within 30 days after entry of the judgment or order appealed from." Fed. R.App. P. 4(a)(1)(A). "[A] supplemental notice of appeal is required for us to have jurisdiction over an attorneys' fees issue that becomes final subsequent to the initial notice of appeal." *Hunt v. City of Los Angeles,* 638 F.3d 703, 719 (9th Cir.2011) (citation and emphasis omitted); *see also Whitaker v. Garcetti,* 486 F.3d 572, 585 (9th Cir.2007) ("A party wishing to challenge the [later] attorney fees decision 'must file a notice of appeal, or an amended notice of appeal' specifying its appeal of that decision."). No further action was taken here after the district court ruled on attorney's fees.

We **AFFIRM** the district court's decision dismissing appellants' claim on summary judgment and **DISMISS** the appeal of the district court's award of attorney's fees for lack of appellate jurisdiction.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.